IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

Robert M. Ledford,                              )
                                                )   Civil Action No. 7:05-3590-GRA-BHH
                     Petitioner,                )
                                                )   **ORDER AND REPORT OF**
                                                )   **MAGISTRATE JUDGE**
          vs.                                   )
                                                )
United States of America; Internal             )
Revenue Service,                               )
                                                )
                     Respondents.              )
_____)


          This matter is before the Court on the motion of the respondents to dismiss the

petition to quash IRS summonses and a motion to compel the petitioner to comply with the

terms of one of those disputed summonses.  The motion will be considered as one for

summary judgment.[1]  By order filed December 28, 2005, pursuant to *Roseboro v. Garrison*,

528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment

procedure and the possible consequences if he failed to adequately respond to the motion.

The petitioner has also filed a motion for extension of time to file his response to the motion

to dismiss.  That motion is moot because the petitioner, in fact, filed his response on the

same day he requested the extension, December 27, 2005.

---

[1] Because the parties submitted, and the Court considered, matters outside of the petition,
the respondents' motion has been treated as one for summary judgment. *See* Fed. R. Civ. P. 12(b)
("If, on a motion  asserting the defense numbered (6) to dismiss . . . matters outside the pleading
are presented to and not excluded by the court, the motion shall be treated as one for summary
judgment and disposed of as provided in Rule 56. . . .").  The Federal Rules of Civil Procedure are
generally applicable to proceedings such as a summons enforcement proceeding, unless otherwise
provided by statute, or by the court pursuant to local rule or court order.  Fed. R. Civ. P. 81(a)(3).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The respondent Internal Revenue Service ("IRS") is investigating the tax liability of the plaintiff for the years 1992 through 1995 and 2000 through 2004. (Harden Decl. ¶ 2.) The Revenue Agent responsible for auditing the plaintiff's income tax liabilities for those years was Allan J. Harden.   According to Harden, he issued IRS summonses to the following entities, requiring production of records pertaining to the plaintiff's liabilities for the relevant tax years: National Bank of South Carolina; First Citizens Bank; Swaim, Brown and Elliot PA; Carolina Garden World, Inc.; Regions Bank; Summit National Bank; James L. Burnett; and Armond D. Edge.   (Harden Decl. ¶¶3, 6, 9, 12, 15, 18, 21, 24, Ex. A). According to Harden, the records sought by the summonses may be relevant to determine the correct tax liabilities of the petitioner.  (Harden Decl. ¶ 41.)  The plaintiff was notified of the summonses on September 6 and 13, 2005, respectively.  (Harden Decl. ¶ 5, 8, 11, 17, 20, 23, Ex. A.)

On October 7, 2005, the petitioner filed a petition to quash the summonses.  On December 6, 2005, the United States moved to dismiss the action and to compel the petitioner's compliance with one of the summonses.

## APPLICABLE LAW

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this

less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Under this standard, however, the existence of a mere scintilla of evidence in support of the the plaintiff's position is insufficient to withstand a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

3

## DISCUSSION

### I.     JURISDICTION OVER PETITION TO QUASH AND MOTION TO ENFORCE

The Court must first determine whether it has jurisdiction to decide the petition to quash or the petition to enforce the summonses.  In regards to the petition to quash, the respondents argue that the United States has not waived sovereign immunity in cases such as this one where the plaintiff has failed to comply with the jurisdictional requirements of Title 26, United States Code, Section 7609.  Specifically, the respondents contend that the petitioner filed his petition more than 20 days after notice of the contested summonses were mailed to him, in violation of Treasury Regulation Section 301.7609-3.  *See* 26 C.F.R. § 301.7609-3.

As the respondents contend, "[i]t is elementary that '[t]he United States, as a sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Section 7609 provides for a waiver of sovereign immunity for a petition to quash administrative summonses.  However, pursuant to Treasury Regulation Section 301.7609-3(b)(1), "[t]he act of filing a petition in district court does not in and of itself institute a proceeding to quash under section 7609(b)(2).  Rather, the filing must be coupled with notice as required by section 7609(b)(2)(B)."  26 C.F.R. § 301.7609-3(b)(1).

In order to institute a timely petition to quash summons, the taxpayer, *not later than the twentieth day* following the day the notice of the summons was served on or mailed to the taxpayer, must (1) file a petition to quash in the proper district court; (2) notify the IRS by serving a copy of the petition by registered or certified mail to the IRS employee and office designated to receive the copy in the notice of summons; and (3) notify the recordkeeper by registered or certified mail with a copy of the petition.  *Id.* § 301.7609-3(b)(2).

4

The respondents have submitted evidence that the contested summonses were issued, and that the plaintiff was mailed notices thereof, on September 6 and 13, 2005. (Harden Decl. ¶ 3, 5, 6, 8, 9, 11, 15, 17, 18, 20, 21, 23, Ex. A.)  The petition to quash, however, was not filed until October 7, 2005, clearly over 20 days from the time of notice to the petitioner of any of the contested summonses.

In response, the petitioner has submitted four xerox copies of envelopes addressed to either himself or Carolina Garden World, which are postmarked respectively, as follows: 9/21/05; indecipherable (handwritten notation of 9/14/05); 9/6/05; and 9/6/05.  The return address is not identifiable on any of the envelopes.  There is literally no way to determine the sender of the envelope, its contents, or its contents' author.  The Court, however, may not weigh the evidence and will construe all inferences and ambiguities in favor of the petitioner.  *See United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

Even still, assuming the authenticity of the envelopes and that they were delivered by an agent of the IRS, there is only one envelope, submitted by petitioner, with a postmark that would even begin to corroborate the timeliness of his petition.  It is well settled, however, that the existence of a mere scintilla of evidence in support of a petitioner's position is insufficient to withstand a motion for summary judgment.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).  The Court concludes that the single unidentifiable envelope constitutes no more.  Said differently, no reasonable jury could conclude that the petitioner timely filed his petition based on the existence of the single envelope, which bares no indication of its contents or sender.  *See id.* at 257.

Accordingly, it is recommended that the Court lacks jurisdiction over the petition as to National Bank of South Carolina; First Citizens Bank; Swaim, Brown and Elliot PA; Regions Bank; Summit National Bank; James L. Burnett; and Armond D. Edge, as no genuine issue of fact exists as to whether the petition is out of time; the only reasonable conclusion following from the evidence is that it is.

5

The Court does, however, have jurisdiction to decide the respondents' petition to enforce as it relates to all of the summonses. 26 U.S.C. § 7604(a); *see also* Henderson v. U.S., 778 F. Supp. 274, 276 n.4 (D.S.C. 1991).   Jurisdiction to determine questions of enforcement is granted independently from jurisdiction to determine a petition to quash. *See* 26 U.S.C. § 7604(a) and 7609(h)(1).

## II.   PROPRIETY OF THE SUMMONSES

Even if the petitioner did comply with the requirements of Section 7609 and the Court had jurisdiction over the petition to quash, the matter should be dismissed.  Specifically, the summonses are enforceable, and the plaintiff does not assert sufficient grounds for quashing the summonses.   To enforce the summonses, the respondents must show that the summonses have been (1) issued for a legitimate purpose; (2) seek information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfy all administrative steps required by the Internal Revenue Code.   *See U.S. v. Powell*, 379 U.S. 48, 57-58 (1964); *Alphin v. U.S.*, 809 F.2d 236, 238 (4th Cir. 1987).

The government's burden at this stage of the summary proceeding is a light one. *Hintze v. IRS*, 879 F.2d 121, 126 (4th Cir. 1989). Indeed, the IRS need only present "an affidavit of an agent involved in the investigation averring the Powell good faith elements" in order to establish a prima facie case for enforcement of a civil summons. *Id*. (quoting *Alphin*, 809 F.2d at 238). If the government succeeds in establishing a *prima facie* case for enforcement, the burden shifts to the party challenging the summons. Unlike the slight burden shouldered by the government in its prima facie case, however, the burden on the challenging party is a very heavy one.  *Id*. at 126-27 and cases cited therein.  The petitioner must "disprov[e] the actual existence of a valid civil tax determination or collection purpose." *Id*. at 126 (quoting *Alphin*, 809 F.2d at 238); *see also United States v. La Salle Nat'l Bank*, 437 U.S. 298, 316 (1978).

6

The affidavit of agent Harden establishes a *prima facie* case for enforcement (Harden Decl. ¶¶ 39-41).  *See Alphin*, 809 F.2d at 238; *Henderson v. U.S.*, 778 F. Supp. 274, 276 (1991). Since a *prima facie* case is established, the burden shifts to the petitioner to show that the summonses should not be enforced.

The petitioner first asserts that the summonses are overly broad and, therefore, not issued for a legitimate purpose.  Specifically, the petitioner contends that he, himself, is the "subject of the investigation" and, thus, summonses seeking information concerning Cheryl Ledford, Marcus Liberty Organization UBO and Breckenridge Trust are not for a legitimate purpose because those  individuals and entities are not subjects of the investigation.

"[T]the threshold for determining relevance in a Section 7602 summons is a low one." *Id*. The United States Supreme Court has approved a minimal test for relevance - whether the data "might throw light" upon the correctness of a return. *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-15 & n.11 (1984).  Moreover, the IRS has been granted broad authority under Section 7602.  *See id*. at 816 (1984) (section 7602 gives IRS "expansive information-gathering authority"); *Hintze v. IRS*, 879 F.2d 121 (4th Cir. 1989).

The respondents have already put forward evidence of the requested information's relevance.  (*See* Harden Decl. ¶ 41.)  Further, the Court is unaware of any prohibition against the IRS requesting information concerning other individuals or entities different from the "subject of the investigation," when that information may have the effect of "throwing light" on the taxpayer who is, in fact, the subject of the investigation.  The petitioner's bald allegation that this information is not relevant, is simply insufficient to withstand summary judgment.   The petitioner must make a "particularized" showing of fact to refute the respondents evidence of relevance.  *See U.S. v. No Name Video, Ltd.*, 1992 WL 295171, at *3 (4th Cir. Oct 19, 1992).  He has failed to do so.

Therefore, judged from (1) the petitioner's failure to point to any particularized facts refuting the purpose of the summonses, (2) the "broad grant of authority to the IRS under

Section 7602 and [3] the low threshold of relevance," the Court concludes that the summonses are relevant to the investigation of the potential tax liability of the petitioner. *No Name Video, Ltd.*, 1992 WL 295171, at *3.

The petitioner next asserts that the summonses do not meet the fourth element of the *Powell* standard, insofar as all of the administrative steps required by the Internal Revenue Code were not followed. Specifically, the petitioner contends that two of the summonses were not signed and that none of the summonses were attested. Failure to properly attest the summonses would be proper grounds to quash the summonses. *See Henderson*, 778 F. Supp. at 277-78.

Because the respondents have already produced Agent Harden's affidavit declaring that the summonses were properly executed and attested (Harden Decl. ¶ 4, 7, 10, 13, 16, 19, 22, 25), the petitioner bears the burden of proving otherwise. This burden is a heavy one. *See Alphin*, 809 F.2d 238; *No Name Video*, 1992 WL 295171, at *4. The petitioner, however, has not produced any evidence in support of his claim that the summonses were not properly executed and attested. His "mere allegations are insufficient to meet the burden of refuting the IRS's *prima facie* case." *No Name Video*, 1992 WL 295171, at *4 (citing *Hintze*, 879 F.2d at 128). The petitioner's brief in response and his petition are mere allegation of the IRS's failure to execute and attest the summonses. The petitioner has not even submitted copies of the disputed summonses. It is his burden to do so.[2]

After reviewing the record, the Court concludes that the petitioner has not offered any particularized facts to refute the IRS's prima facie case under *Powell*. Therefore, the petition to quash should be denied.

---

[2] The petitioner also complains that the respondents must establish probable cause to "legitimize [the] investigation" and enforce the summons. The United States Supreme Court has expressly rejected this contention. *See Powell*, 379 U.S. 48, 52-57(1964).

### III.    Enforcement of the Carolina Garden World, Inc. Summons

Lastly, the respondents have moved for enforcement of the Carolina Garden World, Inc. Summons served upon the petitioner.  Although the petitioner has moved to quash this summons along with the others, he has not made any specific objection to it that has not already been addressed by the Court above.  Moreover, the respondents have made their *prima facie* showing of enforceability as to this summons, in accord with the *Powell* factors. (*See* Harden Decl. ¶¶ 12-14, 39-41.) The petitioner has made no response whatsoever. Accordingly, the Court recommends enforcement of the Carolina Garden World Summons.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing,

It is ORDERED that the petitioner's motion for an extension of time is MOOT.

It is RECOMMENDED that the respondents' motion to dismiss should be GRANTED and the petition to quash DENIED.  It is further recommended that the respondents' motion to compel compliance with the summons issued to Carolina Garden World, Inc. be GRANTED.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

July 28, 2006

Greenville, South Carolina

9